IN THE UNITED STATES DISCTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SIGNATURE FINANCIAL LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17 C 9058 |
| | ) | Hon. Marvin E. Aspen |
| AUTO TRANS GROUP INC. and | ) | |
| VIOLET MIHAYLOVA, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Signature Financial LLC filed this breach of contract and replevin lawsuit against Defendants Auto Trans Group Inc. ("ATG") and Violet Mihaylova for damages resulting from Defendants' alleged default on three loan agreements and related guarantees. Presently before us is Plaintiff's motion for default judgment and entry of an order of replevin. (Dkt. No. 9.) Also before us is Plaintiff's oral motion for Defendants to provide a status report regarding the Collateral[1] subject to the above-captioned action. (Dkt. No. 17.) For the reasons set forth below, we deny Plaintiff's motion for default judgment, continue Plaintiff's motion for an order of replevin, and grant Plaintiff's motion for a status report regarding the Collateral.

**BACKGROUND**

Plaintiff's claims center on three lending agreements to ATG to purchase vehicles. (Compl. (Dkt. No. 1) ¶ 6.) First, Plaintiff and ATG entered into an Equipment Financing Agreement on May 9, 2014 ("Loan No. 1"), under which ATG agreed to pay Plaintiff the

---

[1] The Collateral is collectively defined as two 2012 Freightliner Cascadia vehicles, bearing vehicle identification numbers 1FUJGLDR3CSBK1300 and 1FUJGLDR0CSBK1464; two 2015 Great Dane/Reefer vehicles, bearing vehicle identification numbers 1GRAA0622FW702889 and 1GRAA0629FW702890; and one 2016 Freightliner Cascadia vehicle, bearing vehicle identification numbers 1FUJGLD5XGLGZ4031.

principal sum of $152,000.00, plus interest, over a period of sixty months, with consecutive monthly installments in the amount of $3,009.07. (*Id.* ¶ 7.) To secure ATG's obligations under the terms of the loan agreement, ATG granted to Plaintiff a security interest in two 2012 Freightliner Cascadia vehicles. (*Id.* ¶ 8.) Plaintiff alleges it perfected its security interest in the collateral by retaining possession of the Certificates of Title, copies of which were also filed with the Illinois Department of Motor Vehicles, and by filing a UCC–1 Financing Statement with the Illinois Secretary of State. (*Id.* ¶ 10.) Plaintiff alleges Mihaylova then executed a Continuing Guaranty pursuant to which she unconditionally guaranteed to Plaintiff the prompt payment and performance of the Loan No. 1 obligations. (*Id.* ¶ 12.)

Plaintiff alleges ATG then entered into two additional loan agreements on February 18, 2015 ("Loan No. 2") and November 13, 2015 ("Loan No. 3") with third-party River Valley Capital Corporation ("River Valley"). Under Loan No. 2, ATG agreed to pay River Valley $141,680.00, plus interest, over a period of sixty months, with consecutive monthly installments in the amount of $2,822.18. (*Id.* ¶¶ 13–14.) Loan No. 3 provided ATG would pay River Valley $143,000.00, plus interest, over a period of sixty months, with consecutive monthly installments of $2,799.25. (*Id.* ¶¶ 22–23.) In order to secure ATG's obligations under the terms of Loan No. 2, ATG granted to River Valley a security interest in two 2015 Great Dane/Reefer vehicles, and under Loan No. 3, ATG granted to River Valley a security interest in a 2016 Freightliner Cascadia vehicle. (*Id.* ¶¶ 15, 24.) In addition, Mihaylova executed guaranties as to both loans, agreeing to unconditionally guarantee prompt payment and performance of the loan obligations. (*Id.* ¶¶ 16, 25.) River Valley subsequently assigned to Plaintiff all of its right, title, and interest in Loan No. 2 and Loan No. 3 and in the associated collateral and guaranties, and Plaintiff became the successor-in-interest as a result of the assignment. (*Id.* ¶¶ 17–18.) Plaintiff alleges it perfected its security interest in both loans'

collateral by retaining possession of the Certificates of Title, filing copies with the Illinois Department of Motor Vehicles, and filing a UCC–1 Financing Statement. (*Id.* ¶¶ 20–21, 29–30.)

Plaintiff alleges ATG defaulted on each of the three loan agreements when it failed to make the required monthly payments due to Plaintiff under the terms of each respective agreement. (*Id.* ¶ 34 (alleging ATG failed to make monthly payments due under Loan No. 1 on August 15, 2017, September 15, 2017, October 15, 2017, and November 15, 2017), ¶ 42 (alleging ATG failed to make monthly payments due under Loan No. 2 on August 25, 2017, September 25, 2017, and October 15, 2017), ¶ 50 (alleging ATG failed to make monthly payments due under Loan No. 3 on August 20, 2017, September 0, 2017, and October 20, 2017).) Plaintiff asserts that as a result of ATG's defaults, pursuant to each loan agreement, "the entire balance of all unpaid monies due under the terms of [the agreements] was declared to be immediately due and payable." (*Id.* ¶¶ 35, 43, 51.) Plaintiff alleges it has performed all terms and conditions precedent, but ATG has failed to pay any of the loan agreement obligations. (*Id.* ¶¶ 37–38, 45–46, 53–54.) By reason of ATG's defaults and failure to pay, Plaintiff further contends it made demand on Mihaylova for payment of ATG's loan obligations. (*Id.* ¶¶ 58–59.) Plaintiff alleges Mihaylova has failed to pay Plaintiff any of the loan obligations. (*Id.* ¶ 60.)

On December 15, 2017, Plaintiff filed its complaint for money damages against Defendants and for replevin of the Collateral. Plaintiff asserts three counts of breach of contract against ATG in connection with its alleged defaults under each of the three loan agreements, and one count of breach of contract against Mihaylova for defaulting under the terms of the guarantees. (*Id.* ¶¶ 33–63.) Plaintiff also asserts a claim for replevin against ATG, seeking to take immediate possession of the Collateral as a result of ATG's defaults. (*Id.* ¶¶ 64–75.) Finally, Plaintiff seeks attorneys' fees against both ATG and Mihaylova under the terms of the loan agreements. (*Id.* ¶¶ 76–79.) Plaintiff served the summons and complaint on Defendants

3

on January 12, 2018. (Dkt. Nos. 6–7.) On February 13, 2018, after Defendants failed to timely file an answer or otherwise plead, Plaintiff filed a motion for default judgment pursuant to Federal Rule of Civil Procedure 55 and an order of replevin pursuant to 735 ILCS 5/19–104. (Default and Replevin Motion ("Mot.") (Dkt. No. 9).)

We held a status hearing on February 22, 2018, during which counsel for Plaintiff and Defendants appeared. (Dkt. No. 13.) At the hearing, we entered and continued Plaintiff's motion for default judgment and replevin, and ordered Defendants to answer or otherwise plead to the complaint by March 1, 2018. (*Id.*) We also granted Defendants leave to file a response to Plaintiff's motion for replevin. (*Id.*) Defendants filed an answer to the complaint and a response to the motion for replevin on February 28, 2018. (Dkt. No. 15–16.) We held a second status hearing on March 1, 2018 at which counsel for all parties appeared. (Dkt. No. 17.)

## ANALYSIS

### I. MOTION FOR DEFAULT JUDGMENT

Plaintiff moved for entry of a default judgment against Defendants pursuant to Federal Rule of Civil Procedure 55(a) and 55(b)(2). Plaintiff noticed the motion for a hearing on February 22, 2018. (Dkt. No. 10.) At the February 22, 2018 hearing, counsel for Defendants appeared and requested an extension of time to answer or otherwise plead to the complaint by March 1, 2018. (Dkt. No. 13.) We granted Defendants' request, and they timely filed an answer on February 28, 2018. (Dkt. No. 15.)

No entry of default was entered by the clerk under Rule 55(a), but in any event, a default may be "liberally" set aside for good cause under Rule 55(c), where, as here, no default judgment was entered. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009) ("Our cases articulate a policy of favoring trial on the merits over default judgment."). Entry of default judgment is generally justified only "if the defaulting party has exhibited a willful refusal to

4

litigate the case properly." *Davis v. Hutchins,* 321 F.3d 641, 646 (7th Cir. 2003) (citing *Hal Commodity Cycles Mgmt. Co. v. Kirsh,* 825 F.2d 1136, 1138 (7th Cir. 1987)). Although there is no question Defendants failed to timely file their answer to the complaint, they quickly corrected the error by appearing at the February 22, 2018 status hearing and promptly filing their answer, which denied the material allegations of the complaint. Furthermore, service was not completed on Defendants until January 12, 2018, and Defendants' answers were due February 2, 2018; therefore, Defendants' neglect caused a delay of less than a month, and it has not prejudiced Plaintiff or caused significant impact on the proceedings at this point. (*See* Mot. ¶¶ 2–3.) *See also Comerica Bank v. Esposito*, 215 F. App'x 506, 508 (7th Cir. 2007). Moreover, we granted Defendants' oral motion to file their answer late before a default judgment was entered. *Conn. Nat. Mortg. Co. v. Brandstatter*, 897 F.2d 883, 885 (7th Cir. 1990). Accordingly, we deny Plaintiff's motion for default judgment pursuant to Rule 55(b)(2).

## II.   MOTION FOR REPLEVIN

Plaintiff has also moved for an order of replevin. Plaintiff seeks the return of the Collateral from Defendants "based on its first priority, perfected lien in and to the Collateral and its immediate right to possession due to ATG's default under the Loan Agreements." (Mot. ¶ 12.) Under Illinois law, an action for replevin may be brought to recover wrongfully detained goods or chattels. 735 ILCS 5/19–101; *Carroll v. Curry*, 392 Ill. App. 3d 511, 514, 912 N.E.2d 272, 275 (2d Dist. 2009) ("The primary purpose of the replevin statute is to test the right of possession of personal property and place the successful party in possession of the property."). "In Illinois, replevin is strictly a statutory proceeding and the requirements of the statute must be followed precisely." *Harrisburg Cmty. Unit Sch. Dist. No. 3 v. Steapleton*, 195 Ill. App. 3d 1020, 1023, 553 N.E.2d 76, 79 (5th Dist. 1990). To be entitled to replevin, the plaintiff must show (1) it is the owner of the property or lawfully entitled to possession of the

property; (2) the property is wrongfully detained by the defendant; and (3) the property has not been taken for any tax, assessment, or fine levied by virtue of any Illinois law, against the property of such plaintiff, or against it individually, nor seized under any lawful process against the goods and chattels of such plaintiff subject to such lawful process, nor held by virtue of any order for replevin against such plaintiff. 735 ILCS 5/19–104; *see also First Illini Bank v. Wittek Indus., Inc.*, 261 Ill. App. 3d 969, 970, 634 N.E.2d 762, 763 (3d Dist. 1994).

No order for replevin may be entered nor may property be seized pursuant to an order for replevin without prior notice and hearing. 735 ILCS 5/19–105. Following a hearing, an order of replevin shall issue "[i]f the Plaintiff establishes a prima facie case to a superior right of possession of the disputed property, and if the plaintiff also demonstrates to the court the probability that the plaintiff will ultimately prevail on the underlying claim to possession." 735 ILCS 5/19–107; *Carroll*, 392 Ill. App. 3d at 514, 912 N.E.2d at 275. "Thus, in a replevin action, the plaintiff bears the burden to 'allege and prove that he [or she] is lawfully entitled to possession of the property, that the defendant wrongfully detains the property and refuses to deliver the possession of the property to the plaintiff.'" *Carroll*, 392 Ill. App. 3d at 514, 912 N.E.2d at 275 (quoting *Int'l Harvester Credit Corp. v. Helland,* 130 Ill. App. 3d 836, 838, 474 N.E.2d 882, 884 (2d Dist. 1985)). If an order of replevin is issued, plaintiff must post a bond and can take possession of the property, or defendant can post a bond and retain possession. *Evergreen Marine Corp. v. Div. Sales, Inc.*, No. 01 C 4933, 2003 WL 1127905, at *5 n.4 (N.D. Ill. Mar. 12, 2003) (citing 735 ILCS 5/19–109 and 112). "[T]he court then holds a trial on the merits and enters a final judgment." *Id.* (quoting *Harris Graphics Corp. v. F.C.L. Graphics, Inc.*, No. 84 C 5814, 1987 WL 13433, at *1 (N.D. Ill. June 30, 1987)).

Plaintiff maintains it has met each of the requirements allowing an order of replevin to be entered, including that it is entitled to possession of the Collateral, Defendants have wrongfully

detained the Collateral, Defendants have received the notice required under Illinois law, and Defendants have been afforded a hearing. (*See* Mot. ¶¶ 11–17.) In response to Plaintiff's request for an order of replevin, Defendants assert three defenses: (1) Plaintiff has failed to show the Collateral is wrongly detained; (2) granting replevin on a contested pre-discovery motion is improper; and (3) Plaintiff failed to post a bond. (Resp. (Dkt. No. 16) ¶¶ 3, 7, 10.)

### A. Plaintiff's Prima Facie Case

Defendants first argue Plaintiff has failed to show the Collateral is wrongly detained. (Resp. ¶ 7.) Defendants contend Plaintiff lacks a protectable interest in the Collateral, as it is "in the possession of drivers outside of the control of Defendants and outside of any protectable interest Plaintiff claims." (*Id.*) Defendants assert that they rightfully took possession of the Collateral and are entitled to possession. (*Id.* ¶ 8.) Plaintiff, however, has presented evidence that it has a perfected, first priority lien and security interest in the Collateral, and it is entitled to an immediate right to possession due to ATG's default under the loan agreements.[2] (Mot. ¶ 12; McGowan Decl. (Dkt. No. 9–3) ¶¶ 10, 12, 13, 17, 22–23, 26, 31–32, 35, 39, 40, 45, 47, 51, 53, 54–55, 58); Reply (Dkt. No. 19) ¶¶ 22–32.) Plaintiff argues that while ATG "may have rightfully taken possession of the Collateral and may have *previously* been entitled to possession of the Collateral, by reason of its default upon the Loan Agreements, it no longer has a right to possess or use the Collateral." (Reply ¶ 33.) Plaintiff argues any such right of possession was conditioned upon Defendants' compliance with the terms and conditions of the loan agreements, including ATG's obligation to make the monthly installment payments as they came due. (*Id.*)

---

[2] Despite the allegations in the complaint to the contrary, not to mention the exhibits attached to the McGowan declaration evidencing the loan agreements, Defendants argue without explanation that "[i]t is not alleged that the Plaintiff has entered into agreements with the Defendants regarding the collateral (which included tractors, trailers and other vehicles)." (Resp. ¶ 8; *but see* McGowan Decl. Exhs. 1, 3–4, 6, 8–10, 12–13; Compl. Exhs. 1, 3–4, 6, 8–10, 12–13.)

Although Plaintiff has presented strong evidence in support of its motion, "granting replevin based solely on a contested, pre-discovery motion for replevin would be improper." *Firestone Fin. Corp. v. King Amusements, Inc.*, No. 12 C 04519, 2013 WL 1286665, at *8 (N.D. Ill. Mar. 28, 2013). Rather, "both parties must have the benefit of discovery to determine whether [the plaintiff] can present a prima facie case that it is entitled to an order of replevin." *Id.* Here, Defendants have denied the material allegations regarding Plaintiff's right to possession. (*See generally* Answer (Dkt. No. 15); Resp. ¶ 8.) As the replevin motion is contested, a hearing must be held in order to provide Defendants the opportunity to assert any defenses they assert will defeat Plaintiff's prima facie case. *Novak Food Serv. Equip., Inc. v. Moe's Corned Beef Cellar, Inc.*, 121 Ill. App. 3d 902, 903, 460 N.E.2d 443, 444 (1st Dist. 1984); *see also Harris Graphics Corp.*, 1987 WL 13433, at *1. Plaintiff maintains that Defendants have received the notice required under Illinois law and they have already been afforded a hearing; however, while the parties appeared in court twice, they did not present evidence, nor was the replevin motion argued with any substance.

Accordingly, a preliminary hearing is currently set for May 17, 2018 in order to determine whether Plaintiff has established (1) a prima facie case supporting its right to possession and (2) a probability that it will ultimately prevail on the merits of the underlying claim.

### B. Replevin Bond

Defendants also argue Plaintiff must post a replevin bond. (Resp. ¶¶ 3–6.) Plaintiff does not dispute that it is required to post a bond prior to the service of any order of replevin, and indicates "it was always [its] intention to post a bond before executing upon any order of replevin." (Reply ¶¶ 10–13.) *See also* 735 ILCS 5/19–112. However, the parties argue as to the proper amount of the bond. Under Illinois law, the replevin bond must equal "double the value

8

of the property about to be replevied." 735 ILCS 5/19–112. Defendants incorrectly argue the bond should be twice the measure of *damages* involved in the claim instead of the value of the Collateral. (*See* Resp. ¶ 6.) Plaintiff submitted evidence showing the value of the Collateral to be replevied is $183,000.00. (Reply ¶ 16; McGowan Decl. ¶ 60.) Accordingly, if a replevin order is entered, Plaintiff shall post a bond in the amount of $366,000.00. 735 ILCS 5/19–112.

## II.    REPORT ON THE STATUS OF THE COLLATERAL

Finally, Plaintiff also moves for an order requiring Defendants to provide Plaintiff with a status report as to the condition and location of the Collateral. The parties each submitted proposed orders. Defendants do not oppose Plaintiff's request for a status report, but they argue for twenty-one days, rather than the seven days urged by Plaintiff, in which to submit the report. Defendants also oppose Plaintiff's demand for a right of inspection and proof of liability and damage insurance along with the status report. Having carefully considered both proposed orders and the arguments of counsel at the February 22, 2018 and March 1, 2018 hearings, Plaintiff's motion is granted as set forth below.

Within seven days of the entry of this Order, Defendants shall provide Plaintiff with a status report containing the following information: (1) the current or last known location of the Collateral; (2) the condition of the Collateral, including, without limitation, the operational status of the Collateral; and (3) the name, address, telephone number, and email address of each individual or entity currently in possession of the Collateral and the relationship of that individual or entity to Defendants. Simultaneously with the filing of the status report, Defendants shall provide Plaintiff's counsel with proof of current liability and property damage insurance with respect to the Collateral.

Finally, Defendants shall allow Plaintiff or one of Plaintiff's duly appointed agents to inspect the Collateral. Defendants shall cooperate with Plaintiff's efforts to inspect the Collateral

and act in good faith with respect to such inspection. Within fourteen days of the entry of this Order, counsel for Defendants shall provide counsel for Plaintiff with the contact name, telephone number, and email address of the most appropriate individual(s) with whom Plaintiff may coordinate the Collateral inspection. Defendants shall voluntarily and readily make the Collateral available for inspection by Plaintiff.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is denied. Plaintiff's motion for entry of an order of replevin is continued, and a preliminary replevin hearing shall be held on May 17, 2018 at 10:30 a.m. Within seven days of the entry of this Order, Defendants shall provide a status report as to the Collateral as set forth above. In addition, within fourteen days of the entry of this Order, counsel for Defendants shall provide the information necessary to make the Collateral available for inspection by Plaintiff, as detailed above. It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: April 23, 2018
       Chicago, Illinois